Wm. Patterson et al. *v.* Burrel Million's Admx. et al.

[Abstract Kentucky Law Reporter, Vol. 3—538.]

**Record on Appeal.**

> The Court of Appeals has no power to reverse a judgment except for errors appearing in the record, and where the record on appeal fails to show affirmatively the infancy of a party the court can not indulge the presumption that she was an infant.

**Motion to Dismiss Appeal.**

> The statutory guardian of an infant appellant may move to dismiss his appeal. He has the power to control the ward in taking and prosecuting an appeal, especially where the interest of the ward does not conflict with the action of the guardian.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

January 24, 1882.

Opinion by Judge Hargis:

This was an action brought by the administratrix of Burrel Million to settle his estate, pay debts, and for distribution and partition of his estate among his widow and heirs. One of the heirs was an infant when the suit was instituted. During its pendency she married the appellant, William Patterson, had one child and died. But before her death and after the birth of her child, the landed estate of the decedent was, by consent of all the parties to the suit and subject to her privy examination, decreed by the court to be sold. It was sold, and her father became the purchaser, and the sale, without exception, was confirmed. At a succeeding term of the court the appellant, William Patterson, moved to set aside the sale. His motion was overruled and he prosecutes this appeal in which he has joined his infant son as appellant.

He contends that, at the time the sale of the land was adjudged, his wife was an infant and married, and that no bond was executed or privy examination made as required by Civ. Code (1876), § 493, and that for these reasons the sale was void. This court has no power to reverse a judgment except for errors appearing in the record. As the record fails to show affirmatively the disability of appellant's wife, we can not presume she was an infant when the judgment was rendered or sale made.

Had appellants instituted suit to vacate the judgment on the ground on which they seek a reversal they would have been compelled to show that her condition did not appear in the record, before his action would have been maintainable. As they have resorted to an appeal, they must show her disability by the record before a reversal can be awarded. Wherefore the judgment as to the appellant, William Patterson, is *affirmed*.

The statutory guardian of the infant appellant moves to dismiss this appeal as to his ward. We perceive no reason why he shall not control the ward in taking and prosecuting this appeal, as the interest of the ward does not conflict with the action of the guardian, and should the judgment stand as rendered the ward's rights will be greater than if the judgment was reversed.

Motion sustained and appeal dismissed as to Wm. R. Patterson, at the cost of his coappellant, Wm. Patterson.

*John G. Cole, for appellants.*

*C. J. Bronston, for appellees.*